# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-10894
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
July 29, 2020
Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DAVID DEWAYNE WATSON,

Defendant - Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-81-1

Before BARKSDALE, GRAVES, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

David Dewayne Watson challenges the concurrent sentences of, *inter alia*, 115-months' imprisonment imposed following his pleading guilty to: one count of wire fraud, in violation of 18 U.S.C. §§ 2 and 1343; and one count of making a fraudulent transaction with an access device, in violation of 18 U.S.C. §§ 2 and 1029(a)(5). He contends the presentence investigation report (PSR) provided insufficient evidence to support the court's application of a four-level

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

enhancement, pursuant to Sentencing Guideline § 3B1.1(a) (providing four-level enhancement "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive"), because, *inter alia*:  he was not a leader of the criminal activity; he never "used" "five people . . . at any one time"; and the criminal activity was not "otherwise extensive".

Although post-*Booker* the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range.  *Gall v. United States*, 552 U.S. 38, 46, 51 (2007).  If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard.  *Id*. at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Along that line, "[a] district court's determination that a defendant is a § 3B1.1 leader or organizer is a factual finding . . . review[ed] for clear error".  *United States v. Ronning*, 47 F.3d 710, 711 (5th Cir. 1995) (citation omitted).  "Furthermore, in determining whether [a Guidelines] enhancement applies, a district court is permitted to draw reasonable inferences from the facts, and these inferences are fact-findings reviewed for clear error as well."  *United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006) (citation omitted).  Our court upholds such factual findings on clear-error review so long as they are "plausible in [the] light of the record read as a whole".  *Ronning*, 47 F.3d at 711 (citation omitted).

Watson fails to show clear error for the following reasons. (Therefore, the Government's alternative harmless-error contention need not be addressed.)

Watson contends the PSR does not establish he exercised control over others. The PSR states, however, that Watson directed another participant to manufacture a counterfeit driver's license and to create a website and email addresses to impersonate a construction company. Further, the PSR establishes Watson directed others to purchase and obtain items using counterfeit credit cards and stolen credit-card numbers. The court, therefore, did not clearly err in finding Watson was the organizer or leader "of one or more other participants" in the criminal activity for purposes of applying the enhancement. U.S.S.G. § 3B1.1 cmt. n.2; *see also United States v. Dickerson*, 909 F.3d 118, 127 (5th Cir. 2018) (stating "[t]o trigger the enhancement, the defendant need only have been the organizer, leader, manager, or supervisor of one or more other participants") (internal quotation marks and citation omitted), *cert. denied*, 139 S. Ct. 2685 (2019).

Additionally, Watson's contention the number of participants involved with his criminal activity was insufficient to support the enhancement is unavailing because, *inter alia*, the PSR did not rely on the "five or more participants" provision of Guideline § 3B1.1(a). Instead, it determined the role enhancement was warranted because Watson was the "organizer or leader" of an "otherwise extensive" criminal activity. *See* U.S.S.G. § 3B1.1(a).

In that regard, "a criminal activity is 'otherwise extensive' if it involved five or more people who 'contributed to the success of the scheme'". *United States v. Ho*, 311 F.3d 589, 611 (5th Cir. 2002) (quoting *United States v. Davis*, 226 F.3d 346, 360 (5th Cir. 2000)). Further, "[i]n assessing whether an organization is 'otherwise extensive,' all persons involved during the course of

the entire offense are to be considered.  Thus, a fraud that involved only three participants but used the unknowing services of many outsiders could be considered extensive".  U.S.S.G. § 3B1.1 cmt. n.3.  Additionally, in determining whether to apply the enhancement, a court should consider, *inter alia*:  "the exercise of decision making authority, . . . the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning . . . the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others".  U.S.S.G. § 3B1.1 cmt. n.4.

In this instance, the record reflects Watson recruited eight individuals to participate in the criminal activity.  It also shows Watson made use of the unknowing services of various third-party trucking companies.  Finally, the court properly considered factors identified by the above-quoted commentary application note 4 to Guideline § 3B1.1.

AFFIRMED.